UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA L. TAKACH,
    Plaintiff,

v.                                    Case No. 8:22-cv-380-KKM-AAS

SHANE BAKER,
SGT. TAYLOR, and
COL. GATO
    Defendants.
_____

## ORDER

Plaintiff Joshua L. Takach, a convicted and sentenced state prisoner, brings a complaint under 42 U.S.C. § 1983. A prior screening order set forth the law governing Takach's claims, identified deficiencies in the initial Complaint, and permitted him an opportunity to amend his allegations. (Doc. 9.) Takach now proceeds on his Amended Complaint. (Doc. 20.)

Under 28 U.S.C. §§ 1915(e) and 1915(A), a district court is required both to review the Amended Complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The Amended Complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### I.  Amended Complaint

Takach was confined at the Hardee Correctional Institution under administrative confinement when the incident that forms the basis of this action occurred. (Doc. 20 at 5.) He was being held in administrative confinement, Takach alleges, because "Inmate Brenton Crabtree approached [prison staff] flashing a

1

homemade prison weapon (knife) stating he was going to kill [Takach] when he sees [him]." (*Id*. at 5.) Takach confirmed to prison staff that he and Crabtree "had a beef that could not go without either of [them] using violence to settle it and that to avoid the violence Crabtree or [Takach] would need to be transferred." (*Id*. at 5.) Colonel Gato knew Crabtree threatened to kill Takach. (*Id*.) Takach was told that he would be separated from Crabtree and placed under administrative confinement during an investigation. (*Id*.)

Takach had been confined in administrative confinement for a month when on July 19, 2021, an unnamed officer informed him that Crabtree would become his cellmate. (*Id*. at 5.) Takach told the officer that he and Crabtree "had issues" and stated, "I aint letting him in my room." (*Id*.) Sergeant Taylor and the unnamed officer ignored Takach and escorted Crabtree to his cell. (*Id*.) Takach again expressed that he did not want Crabtree in his cell and stated, "We will fight, so I aint cuffing up." (*Id*.) Takach refused to submit to handcuffs and sat on his bunk. (*Id*.)

The cell door opened, and Crabtree stepped inside. (*Id*.) Crabtree was handcuffed with his hands in front of his body and was clutching a homemade knife. (*Id*.) He screamed at Takach, "I'll kill you, Cracker. I have a life sentence." (*Id*.) Sergeant Taylor and the unnamed officer pushed Crabtree further inside the cell and locked the cell door, trapping Takach inside with Crabtree. (*Id*.)

Crabtree attacked Takach. (*Id*. at 8.) Takach suffered cuts and puncture wounds that required hospitalization, permanent scars and disfigurement, nerve damage, anxiety, post-traumatic stress disorder, and depression. (*Id*. at 10.)

Takach filed a grievance about the assault. (*Id.* at 12.) His grievance was approved, and "administration promised to retrain all staff involved." (*Id.*).

Takach seeks $1,500,000.00 in actual and punitive damages from each defendant. (*Id.* at 7.) Also, he seeks transfer to a federal facility. (*Id.*)

## II.   Discussion

Takach sues Warden Shane Baker and Chief of Security Colonel Gato of the Hardee Correctional Institution. He alleges that Baker and Gato failed to train their staff on Florida Administrative Codes ("FAC") and Department of Corrections ("DOC") policies and procedures that govern the safety and protection of prisoners. (*Id.* at 8–9.) Takach alleges that their failure to train staff on these security protocols constitutes "deliberate indifference and [a] failure to protect" that caused the assault. (*Id.*)

Takach sues Sergeant Taylor, alleging that Taylor and his subordinates failed to comply with FAC and DOC policies and procedures that govern the safety and protection of prisoners. (*Id.* at 8.) He alleges Taylor and his subordinates had a duty to conduct searches and security protocols to control weapons and ensure prisoner safety. (*Id.*) Taylor's failure to protect him constitutes deliberate indifference to his safety. (*Id.*)

In his Amended Complaint, Takach alleges the following rules, policies, or procedures were violated during the incident on July 19, 2021: (1) a rule that prohibits inmates under disciplinary status to be housed with inmates under administrative confinement status, (2) a policy that prohibits the opening of a cell door when an inmate is not handcuffed, and (3) a policy that requires officers to search an inmate before placing the inmate inside a cell. (*Id.* at 6.)

### A. Failure to Train

After setting forth the law governing a failure to train claim in its screening order, the Court dismissed the claim as alleged in the initial Complaint because Takach asserted inadequate facts. (Doc. 9 at 5.) Specifically, Takach failed to allege that (1) the defendants had actual or constructive notice that a deficiency in training concerning safety policies caused prison staff to violate inmates' constitutional rights, (2) that a pattern of similar constitutional violations by untrained employees existed, or (3) better training would have prevented the assault. (*Id*.)

In his Amended Complaint, Takach again neglects to allege sufficient facts to state a claim for failure to train. The allegation that the defendants knew that—on one occasion—Crabtree threated to kill Takach while holding a knife is insufficient to show the defendants knew of a deficiency in training concerning safety measures. *See Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1053 (11th Cir. 2014) (determining that a single prior incident did not provide the requisite notice to the supervisor that the training provided was constitutionally deficient). And, his assertion that his grievance later resulted in the prison promising to retrain staff does not show that the defendants knew, *before* the assault, that a deficiency in training existed.

Furthermore, Takach failed to allege similar constitutional violations occurred, and "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Finally, he alleges no facts to show that the defendants "made a deliberate choice not to

take any action" to correct a known training deficiency. *See Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) ("The failure to train must reflect a deliberate or conscious choice by a municipality.") (quotations omitted).

Takach had an opportunity to amend his allegations to state a failure to train claim under the law set forth in the Court's prior screening order but failed to do so. Therefore, this claim is dismissed with prejudice. *See Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

### B.   Failure to Protect

The Court dismissed Takach's failure to protect claim as alleged in the initial Complaint, after setting forth the law governing that claim in its screening order. (Doc. 9 at 6.) In his initial Complaint, Takach neglected to allege facts to show that the defendants subjectively knew that he faced a substantial risk of serious harm once Crabtree was placed in his cell. (*Id*.) Nor did he allege sufficient facts to show that the defendants' conduct was unreasonable and caused the attack. (*Id*.)

In his Amended Complaint, Takach now alleges sufficient facts to proceed to service of process on his failure to protect claim. He alleges that Colonel Gato knew that Crabtree, while holding a knife, threated to kill Takach the next time he saw Takach. He alleges that the prison, led by Warden Baker, held him in administrative confinement because of the need to separate him from Crabtree during an investigation. On the date of the incident, he alleges, Sergeant Taylor ignored his warnings that he "had issues" with Crabtree and that the two would

5

fight, and escorted Crabtree into his cell. Finally, he alleges that he refused to submit to handcuffs to prevent Sergeant Taylor from placing Crabtree in his cell. These allegations, construed liberally, *see Haines*, 404 U.S. at 520, are sufficient at this stage of the proceedings to show that the defendants were "aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exist[ed]" if the two men were in the same cell. *See Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (quotations omitted).

### III. Conclusion

Takach's failure to train claim is **DISMISSED WITH PREJUDICE**. This action shall proceed to service of process on the failure to protect claim as alleged in the Amended Complaint against defendants Baker, Taylor, and Gato

The clerk shall mail to Takach the service of process forms. He must comply with the instructions provided with the forms and must return the completed forms no later than **April 26, 2023**. Following receipt of the completed forms, the Court will direct by separate order the United States Marshals Service to effect service of process.

**DONE** and **ORDERED** in Tampa, Florida on April 5, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge