UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSHUA L. TAKACH, DC#J36940,**

    **Plaintiff,**

v.                                                  **Case No.: 8:22-cv-380-KKM-AAS**

**SGT. TAYLOR,**

    **Defendant.**
_____/

## ORDER

Plaintiff Joshua L. Takach moves to compel moves to compel: (1) answers to Mr. Takach's nineteen interrogatories; (2) responses other than "objections and false, eluding responses" to Mr. Takach's request for admissions; (3) the production of numerous documents including prison records to which Defendant Sgt. Taylor objected; and (4) the production of a working video recording of Mr. Takach's cell at the time of the incident in question for this case. (Doc. 76).

Sgt. Taylor responds in partial opposition. (Doc. 78). Specifically, Sgt. Taylor (1) notes his failure to send over interrogatory responses but promises to do so by August 1, 2025; (2) maintains his objections to most of Mr. Takach's requests for admission due to their vagueness; (3) maintains all his objections to most of Mr. Takach's requests for production; and (4) notes that he sent a new CD on June 20, 2025 after being served with Mr. Takach's Motion to

1

Compel and that the new CD should work with the facility's system. (Doc. 78).

This case concerns an alleged incident at Hardee Correctional Institution where Mr. Takach suffered injuries from an attack by another inmate who Sgt. Taylor helped move into Mr. Takach's cell. (Docs. 76-1, 76-2). Mr. Takach alleges that Sgt. Taylor made this transfer negligently and, therefore, Sgt. Taylor is partly to blame for the ensuing injuries to Mr. Takach. (*Id.*).

## Legal Standard

Fed. R. Civ. P. 37(a) Motions to Compel "are committed to the sound discretion of the trial court." *Weimar v. Fla. Dep't of Corr.*, No. 5:19-cv-548-Oc-CEMPRL, 2020 WL 1451716, at *2 (M.D. Fla. Mar. 25, 2020) (citing *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). The moving party has the "burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1637277, at *2 (citing *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)).

Evidence in discovery is relevant when that evidence makes an important fact "more or less probable than it would be without the evidence." *See Garcia v. Padilla*, No. 2:15-cv-735-FtM-29CM, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016) (quoting Fed. R. Evid. 401). Relevant evidence should also be examined for its proportionality. *See Weimar*, 2020 WL 1451716, at *2. In determining proportionality, courts "are guided" by the "non-exclusive"

factors found in Fed. R. Civ. P. 26(b). *Id.* (citing *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. Apr. 5, 2016)).

### Issue #1: Whether Sgt. Taylor's Should Be Compelled to Provide Interrogatory Responses

**Mr.** Takach first argues Sgt. Taylor should provide responses to Mr. Takach's nineteen interrogatories. (Doc. 76 at p.1). Under Fed. R. Civ. P. 33(a), a party can serve up to twenty-five interrogatories, including any separate "sub-parts" of interrogatories. Under Fed. R. Civ. P. 33(b)(2), the responding party has thirty days typically to respond to interrogatories, but a court can order a longer or shorter period.

Mr. Takach sent his interrogatories on February 25, 2025, and did not receive a response within the standard thirty-day period. (Doc. 76 at p.1). In his Response in Opposition to Mr. Takach's Motion to Compel, Sgt. Taylor does not contest this issue and instead notes his mistake in not responding to Mr. Takach's interrogatories during the appropriate thirty-day window. (Doc. 78 at p.1). Additionally, Sgt. Taylor promises to provide his responses to Mr. Takach by August 1, 2025. (*Id.*). Presuming those responses were indeed given to Mr. Takach by August 1, then this issue is solved at present.

### Issue #2: Whether Sgt. Taylor Should be Compelled to Answer Mr. Takach's Requests for Admission

Mr. Takach next argues that Sgt. Taylor should be compelled to answer

3

all twelve of Mr. Takach's requests for admission sent on February 25, 2025. (Doc. 76 at p.2). In an earlier response on March 26, 2025, Sgt. Taylor denied some requests (Requests 1, 3, 5, 6, 10) and admitted one (Request 2). (Doc. 76 at p.2) (Doc. 76-3). For the other requests (Requests 4, 7, 8, 9, 11, and 12), Sgt. Taylor objected because the requests were "vague and ambiguous," though he did note "to the extent that a response is required, Denied." (*Id.*). Mr. Takach views these objections as "false/eluding responses" to "clear cut" admissions. (Doc. 76 at p.2). Sgt. Taylor maintains his objections because Mr. Takach used many words in quotations that Sgt. Taylor must try to interpret. (Doc. 78 at p.1–2). Sgt. Taylor told Mr. Takach about this issue with the ambiguous quotations and "encouraged the Plaintiff to resubmit the questions with clarity" during two conference calls. (*Id.*)

Under Fed. R. Civ. P. 36(a)(1), a party may serve another party requests to admit "facts, the application of law to fact, or opinions about either" or "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(5) requires that "the grounds for objecting to a request must be stated" if a party chooses to object instead of admitting or denying.

Generally, requests for admission are meant "to expedite the trial" by removing the issue of proving undisputed facts at trial. *Bingham v. Baycare Health Sys.*, No. 8:14-cv-73-T-23JSS, 2016 WL 3595772, at *1 (M.D. Fla. July 5, 2016) (citing *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir.

4

2002)). Therefore, requests for admissions on important disputed facts central to a case "are beyond the scope" of Fed. R. Civ. P. 36. *Id.* (citing *Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969)). Furthermore, requests for legal conclusions are not allowed by Fed. R. Civ. P. 36. *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014). Lastly, vague requests, including those with words in quotations, may be improper since they do not fairly give the responding party a clear understanding of the request's content. *See Bingham*, 2016 WL 3595772, at *2 (upholding a party's objections to certain requests for admission on a motion to compel because the requests included quoted words like "'indigent'" and "'predominantly'", therefore making the words unclear to the responding party).

In the present case, Sgt. Taylor's objections, except for his objections to Requests 8 and 11, are upheld for multiple reasons. First, Sgt. Taylor complies with Fed. R. Civ. P. 36(a)(5) by providing the grounds for his objections to Requests 4, 7, 8, 9, 11, and 12. (Doc. 76-3). Second, Request 4 ("you did 'not' search him 'prior'"), Request 7 ("adhere to 'All' F.A.C. Rules"), Request 9 ("'not' ever" along with multiple lines in quotation), and Request 12 ("was out as a 'transgender'") all use quotations in unclear vague ways like the requests in *Bingham*. The vagueness of these quotes exists because they are mainly common words that ordinarily do not need quotation. Without a citation to a reference for any of the quotations, these quotations seem to indicate double

5

meanings which would go beyond the scope of Fed. R. Civ. P. 36.

Requests 8 and 11 have no quotations and, despite their grammatical errors, they carry a clear enough meaning. For this reason, Sgt. Taylor's objections on vagueness for these two responses are rejected, and his answers are treated as denials. Therefore, all objections due to vagueness are justified except the Requests 8 and 11 objections. The objections to Requests 8 and 1ll will be treated as denials because Sgt. Taylor answered preemptively with a denial under Fed. R. Civ. P. 36(a)(6).

### Issue #3: Whether Sgt. Taylor Should be Compelled to Produce Documents

Next, Mr. Takach argues in his Motion to Compel that a variety of documents should be produced by Sgt. Taylor. (Doc. 76 at p.3) (Doc. 76-4). Specifically, on February 25, 2025, Mr. Takach served Sgt. Taylor with nineteen requests to produce documents. (*Id.*) In his response on May 1, 2025, Sgt. Taylor agreed to provide the requested documents responsive to Requests 1–6 and 11–12 subject to redactions required by §§ 945.10(1)(a), 9.45.10(1)(e), and 945.10(3), Florida Statutes along with F.A.C. § 33-601.901(3)(3) and (h). (Doc. 76-5). Additionally, Sgt. Taylor objected to Requests 7–10 and 13–19 under claims of law enforcement privilege and state statutory protection because they seek protected information about other inmates or confidential prison activities. (Doc. 76-5). Furthermore, Sgt. Taylor claims Mr. Takach

6

seeks multiple documents that Sgt. Taylor cannot gain access to, mostly because those documents are managed by other officials. (Doc. 78 at p.7).

Mr. Takach argues all evidence should be produced despite Sgt. Taylor's objections because: (1) Sgt. Taylor gave responses after the appropriate timeframe; and (2) Sgt. Taylor made his objections under "false pretenses." (Doc. 76 at p.2–3). Sgt. Taylor maintains his objections in his Response in Opposition to Mr. Takach's Motion to Compel. (Doc. 78 at p.2).

Under Fed. R. Civ. P. 34(a)(1), parties can request "any designated documents or electronically stored information" or "tangible things." Under Fed. R. Civ. P. 34(b)(2)(A), a party typically has thirty days to respond after being served with a Rule 34 request for production unless a different time has been stipulated under Fed. R Civ. P. 29 or by court order. Lastly, a party may make objections to a request for production, but these objections "must specify the part and permit inspection of the rest" under Fed. R. Civ. P. 34(b)(2)(C).

In the present case, Sgt. Taylor responded on May 1, 2025, outside of the typical thirty-day timeframe. (Doc. 76-5 at p.11). However, because an extension of the response timeframe had been during the parties' conferral calls, Sgt. Taylor responded within an appropriate timeframe. (Doc. 78 at p.2) Additionally, Sgt. Taylor properly abided by Fed. R. Civ. P. 34(b)(2)(C) by objecting with specificity and objecting in part when possible.

Sgt. Taylor partly relies on law enforcement privilege in his objections to

Mr. Takach's requests for production. (Doc. 78 at p.3–7). The primary purpose of the law enforcement privilege is to limit "harm to law enforcement efforts" created from investigative evidence becoming public. *In re Polypropylene Carpet Antitrust Litigation*, 181 F.R.D. 680, 686–87 (N.D. Ga. 1998). The Government bears the burden of showing that the information in question is protected by the law enforcement privilege. *United States v. Bennett*, No. 6:16-cr-256-Orl-41TBS, 2017 WL 11491960, at *2 (citing *In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)).

This burden requires that: (1) the protected information relates to law enforcement techniques or procedures; (2) producing this information will hurt confidential sources; (3) producing this information will hurt law enforcement workers, informants, and the privacy of those being investigated; and (4) producing this information will interfere with current or future investigations. *Id.* (citing *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)). Overall, courts "must balance the Government's interest in confidentiality against the defendant's need for the information." *White v. City of Ft. Lauderdale*, No. 08-60771-CIV, 2009 WL 1298353, at *3 (S.D. Fla. May 8, 2009).

Additionally, Sgt. Taylor invokes multiple Florida statutes such as Sections 945.10(1)(e) and 945.10(3) that make many Florida Department of Corrections records confidential for safety purposes. (Doc. 78 at p.3–7).

8

Notably, Section 945.10(3) allows inmates who have submitted a written request to gain limited access to some confidential documents if the inmate shows "an exceptional need." Sgt. Taylor also cites to Florida administrative code like F.A.C. 33-601.901(1)(a)3 that does not allow inmates to "have access to any other inmate's or offender's files." (*Id.*). State public law records do not govern claims of privilege in federal court, but "federal courts may also consider state policies on a privilege claim in assessing the government's interest in maintaining confidentiality." *Weimar*, 2020 WL 1451716, at *4 (citing *Coughlin v. Lee*, 946 F.2d 1152, 1159–60 (5th Cir. 1991)).

In the present case, Requests 7, 8, 9, 10, 13, 14, and 16 all ask for information about other inmates, including information about other rival prison gangs. (Doc. 76-4) (Doc. 76-5) (Doc. 78 at p.3–7). For example, Request 13 asks for "any and all documentation in reference to S.T.G. [Security Threat Groups] rival groups." (Doc 76-4 at p. 3). Requests 13, 15, 16, 16, 17, 18, and 19 also seek information on prison housing and the placement of other prisoners. (Doc. 76-5) (Doc. 78 at p.5).

Sgt. Taylor's objections to these Requests are upheld for three main reasons. First, many requests directly or indirectly seek knowledge on noted Security Threat Groups (rival prison gangs). (Doc. 78 at p.3–8). These requests fall under the category of the law enforcement privilege. Releasing this information would possibly allow for retaliation or greater prison violence,

9

which risks law enforcement workers plus prisoners. Releasing this information could also very possibly harm ongoing or future investigations.

Second, though state laws like §§ 945.10(1)(e) and 945.10(3), Florida Statutes, only serve as a guiding influence in federal court, Florida law makes information like prisoner housing and prisoner health data confidential. Additionally, Mr. Takach has not demonstrated an "exceptional necessity" pursuant to § 945.10(3), Florida Statutes, to gain access to all the information he seeks in his requests. The overwhelming guidance from state law is to uphold Sgt. Taylor's objections.

Third, many of Mr. Takach's requests ask for vast amounts of information from a party lacking access to all the information. Additionally, some requests ask for information to be grouped in notably different ways from how the information is typically stored by the Florida Department of Corrections. Therefore, regardless of the law enforcement privilege or state confidentiality laws, many of the requests Sgt. Taylor objects to are not proportional under Fed. R. Civ. P. 26(b) to the case at hand. Overall, Sgt. Taylor's objections are upheld because the objectionable requests by Mr. Takach seek disproportionately large swaths of privileged information.

**Issue #4: Whether Sgt. Taylor Should be Compelled to Provide a Working Video**

Lastly, Mr. Takach argues in his Motion to Compel that a working

version of the video footage of his cell during the stabbing incident at the heart of this case should be provided to Mr. Takach for discovery purposes. (Doc. 76 at p.3). As part of his broader first request for production of documents sent on February 25, 2025, Mr. Takach sought for Sgt. Taylor to produce this video footage. (*Id.*) After the granting of a discovery extension following conferrals between parties during March 2025, Sgt. Taylor provided the requested video footage on a flash drive to Hardee Correctional Institute on April 30, 2025. (Doc. 78 at p.2) After learning of the flash drive's issues, Sgt. Taylor sent a DVD containing the cell video on May 5, 2025. (*Id.*).

Mr. Takach claims this video is unnecessarily redacted to the point that it fails to properly cover the entire stabbing incident. (Doc. 76 at p. 3). Confusingly, Mr. Takach also writes extensively about his inability to watch the video because: (1) Hardee Correctional Institute would not allow Mr. Takach access to the flash drive; and (2) the DVD sent to Mr. Takach did not work on Hardee's video playing system. (*Id.* at p.3–4). In response, Sgt. Taylor notes that he did not know about any issues because he never received any notice about the DVD being overly redacted or not working until Mr. Takach served his Motion to Compel on June 16, 2025. (Doc. 78 at p.2). After receiving the Motion to Compel, Sgt. Taylor sent a new version of the DVD to Hardee Correctional Institute on June 20, 2025. (*Id.*).

At the present time, this issue appears resolved because Sgt. Taylor

11

provided a new copy of the DVD. If Mr. Takach cannot view the footage on the new DVD, then he may file another motion to compel.

*** 

Mr. Takach's Motion to Compel (Doc. 76) is **DENIED.**

**ORDERED** in Tampa, Florida, on August 4, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge